**BLACK et al., Appellants,**

**v.**

**COSENTINO et al., Appellees.**

[Cite as *Black v. Cosentino* (1996), 117 Ohio App.3d 40.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 96CA006406.

Decided Dec. 26, 1996.

*Bruce Tyler Wick,* for appellants.

*Timothy S. Carroll,* for appellees Frank and Janice Cosentino.

*S. Robert E. Lazzaro,* for appellee Russell·Realtors.

---

SLABY, Judge.

Plaintiffs-appellants, Charles H. and Vicki Black, appeal from the entry of summary judgment in favor of defendants-appellees, Frank and Janice Cosentino and Russell Realtors, in appellants' lawsuit against the appellees for misrepresentation and concealment in a real estate transaction. We affirm.

In December 1992, Charles and Vicki Black ("appellants") entered into a purchase agreement with Frank and Janice Cosentino ("sellers"), to purchase the sellers' forty-year-old North Ridgeville home for $68,200. Russell Realtors and its agent, Mark Kennedy (collectively, "realtor"), represented appellants in the sale of their home, and also assisted them with the purchase of the sellers' home. Although the realtor was working with appellants in their purchase of the property, appellants had signed the required "Agency Disclosure Statement" acknowledging that they understood that the realtor was acting as a "seller's agent" on behalf of the property owner in this transaction.[1]

The parties had first signed a purchase agreement in November, which was "subject to purchaser obtaining F.H.A. financing." When Federal Housing Authority ("FHA") approval was not granted, a second agreement was executed in December, subject to appellants' obtaining standard mortgage financing with sellers paying points and closing costs up to $2,440.

The purchase agreement was the realtor's standard, preprinted form, which contained many clauses typical in real estate transactions, including an "as is" clause and a clause warranting that the seller had no knowledge of any hidden or latent defects. It also contained a clause strongly recommending that the buyers "ENGAGE, AT HIS/HER EXPENSE, THE SERVICES OF A PROFESSIONAL CONTRACTOR TO INSPECT THE PREMISES TO ASCERTAIN THAT THE CONDITION OF THE PREMISES IS AS CALLED FOR IN THIS AGREEMENT." Appellants visited and inspected the house on at least two occasions, but declined to obtain a professional inspection.

---

1. The Agency Disclosure Statement clearly states that under Ohio law, a realtor "is considered to be an agent of the owner of real estate unless there is an agreement to the contrary." Buyers are also cautioned that if they should desire to have a real estate broker act as a "buyer's agent," they "should enter into a written contract that clearly establishes the obligations" of all the parties.

The purchase transaction was completed and appellants took possession of the home a short time later. The following spring, appellants began to experience water leakage in the basement.

Appellants filed a complaint against the appellees, claiming that they had concealed water problems which resulted in basement and foundation damage to the house. They also alleged that they were denied FHA financing because an FHA inspection report indicated that numerous repairs were required. They also contend that the realtor concealed the results of the FHA inspection, as well as "the real reason for the unavailability of FHA financing."

The realtor and the sellers separately moved for summary judgment. Both motions were granted by the Lorain County Court of Common Pleas, finding that appellants purchased the property "as is" after having an unimpeded opportunity to view and inspect, and that no evidence of fraudulent misrepresentation was presented.

Appellants timely appeal, raising a single assignment of error. They claim that the trial court erred in granting the defendants' motions for summary judgment because there were material issues of fact remaining to be tried.

In granting a motion for summary judgment pursuant to Civ.R. 56(C), a court must be satisfied that there is no genuine issue as to any material fact, that the moving party is entitled to judgment as a matter of law, and that reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion. *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189, 1192–1193.

Only disputes over facts that have the potential to affect the outcome of the lawsuit preclude entry of summary judgment, not factual disputes which are irrelevant or unnecessary. *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 247–248, 106 S.Ct. 2505, 2509–2510, 91 L.Ed.2d 202, 211–214. A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. As a result, a moving party is entitled to judgment as a matter of law where the nonmoving party failed to come forth with evidence of specific facts on an essential element of the case with respect to which he has the burden of proof. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265, 273.

Although there are some unsupported, disputed allegations, we do not find that appellants have come forth with evidence of any genuine issues of material fact that would preclude the granting of summary judgment as a matter of law. Even when viewing the facts in a light most favorable to the nonmoving party, see *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 19 OBR 261, 483 N.E.2d

150, appellants have failed to establish all of the elements necessary to establish a case of fraudulent concealment.

Although the doctrine of *caveat emptor* governs real property sales transactions in Ohio, a seller does have a duty "to disclose material facts which are latent, not readily observable or discoverable through a purchaser's reasonable inspection." *Layman v. Binns* (1988), 35 Ohio St.3d 176, 178, 519 N.E.2d 642, 644. The doctrine of *caveat emptor* cannot be used to protect a vendor if the buyer can prove fraud. *Id.* at 177, 519 N.E.2d at 643–644. Likewise, this court has held that an "as is" clause cannot be relied upon to bar a claim for fraudulent misrepresentation or fraudulent concealment. *Tipton v. Nuzum* (1992), 84 Ohio App.3d 33, 39, 616 N.E.2d 265, 269; *Kaye v. Buehrle* (1983), 8 Ohio App.3d 381, 383, 8 OBR 495, 497, 457 N.E.2d 373, 376; see, also, *Buchanan v. Geneva Chervenic Realty* (1996), 115 Ohio App.3d 250, 685 N.E.2d 265.

In order to prove fraudulent misrepresentation or concealment, a buyer must establish *each* of the following elements:

(1) a representation or, where there is a duty to disclose, concealment of a fact,

(2) which is material to the transaction at hand,

(3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,

(4) with the intent of misleading another into relying upon it,

(5) justifiable reliance upon the representation or concealment, and

(6) a resulting injury proximately caused by the reliance. *Burr v. Stark Cty. Bd. of Commrs.* (1986), 23 Ohio St.3d 69, 23 OBR 200, 491 N.E.2d 1101, paragraph two of the syllabus; *Jacobs v. Racevskis* (1995), 105 Ohio App.3d 1, 6, 663 N.E.2d 653, 656.

I

Appellant's first count in the complaint stated that the defendants concealed various water problems with the house. Appellants are correct in their claim that an "as is" clause in the contract will not excuse the sellers from liability for fraudulent concealment if they were aware of any material, latent defects and failed to disclose them. See *Tipton v. Nuzum,* 84 Ohio App.3d at 39, 616 N.E.2d at 269. However, the purchase agreement signed by the parties did provide the following disclosure:

"Seller warrants that seller has no knowledge of any hidden or latent defects, including but not limited to water seepage, wet basement or walls, plumbing or heating systems, sewers, structural defects or faulty major appliances, **except SEE CHECKLIST** [Sellers' initials]." (Emphasis added.)

On the blank lines allowing for exceptions, the sellers specifically wrote "See Checklist," referring appellants to the "Seller's Property Information Checklist" disclosure statement. The first item in the disclosure statement should have provided notice to the buyer that there had been water problems with the house:

"A) WATER IN BASEMENT, CRAWLSPACE OR SLAB AREA: Since you have owned the property, has there been any water seepage, leakage, moisture, dampness or standing water in the basement, crawlspace and/or through slab areas? If yes, what repairs have been made, and when were they completed?"

The sellers answered "YES" to the question, and then stated "WATER-PROOFED 1984." Sellers also indicated that the house had a sump pump and that they did not know of any current problems.

■ Appellants have not presented evidence of any material facts inconsistent with the information provided on the disclosure statement. Most of the observations reported in the affidavit of appellants' expert witness are consistent with the fact that there had been excess moisture in the basement that "predates the purchase of this property by the [appellants]." The sellers acknowledged this; their disclosure statement provided notice of the possibility of problems. Once alerted to the possibility of a basement water problem, appellants had the opportunity to arrange for an inspection by someone knowledgeable about foundations. See *Tipton v. Nuzum,* 84 Ohio App.3d at 38, 616 N.E.2d at 268–269.

Moreover, many of the conditions evidencing dampness that were reported by the contractor appellants hired after they moved into their new home were open, observable, and readily apparent upon inspection (*i.e.,* damp dirt floor in unfinished crawl space, mildew, deteriorating drywall, flaking). As such, they cannot be said to be "latent" defects. It also appears that at least some of appellants' problems may have originated in the city lines, which the expert's report indicates were remedied when the city cleaned sewers in the area.

The sellers disclosed the existence of a prior water problem, and there was no evidence presented alleging facts that would show that the sellers knew of an existing water problem in the basement that was not open and observable to appellants or an inspector at the time of sale. No evidence was presented that suggested that the realtor knew or should have known about the condition of the house, and appellants both admitted in depositions that the realtor did not make any representations concerning the property's condition. The facts do not establish the elements of fraud by either of the parties. The trial court properly granted summary judgment as to appellants' first count.

## II

The second count in appellants' complaint pertains to the denial of the FHA loan. Appellants were told by an FHA mortgage representative that they would

not qualify for an FHA loan because Mr. Black was newly self-employed. Some time later they learned about an FHA inspection report on the property listing several items that needed to be remedied in order to comply with FHA standards. They now contend that this was the "true reason" for the denial of their loan, and hold the sellers responsible for not correcting the "defects" and for not informing them that a prior sale was not completed for this reason. They also claim that the realtor was aware of this report and concealed the information from them. They argue that, had they known about the report, they never would have bought a home with so many "defects" and without the availability of FHA financing.

Appellants' arguments do not have merit. Apparently an FHA inspection was done on the property, and a report was issued that showed items that needed to be repaired.[2] However, all of the FHA areas of concern were open and observable, and many involved only minor repairs, such as replace damaged gutters, install handrails on porch steps, replace damaged trim on garage, scrape and paint garage, install privacy doors on bedroom closets, install circuit breaker to replace fuse box, remove carpet from baths, inspect and certify furnace and electrical, etc. Appellants indicated that they were aware of many of these problems. In Mr. Black's deposition, he stated that the sellers had informed him of a prior FHA refusal because of lack of railings and the condition of the garage. The sellers did not represent that the home complied with all FHA requirements, and they were not obligated to ensure that it did.

Appellants have not presented evidence of any fraud or wrongdoing on the part of the sellers concerning the FHA report. Neither have appellants provided evidence that the realtor concealed the report or that Mr. Black's employment status was not the true reason for the termination of the FHA loan application process. Appellants have not raised any genuine issues of material fact that would preclude the granting of summary judgment as a matter of law on either issue.

Appellants' assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and REECE, J., concur.

---

**2.** A prior purchase was not completed because that buyer was unable to obtain FHA financing. The record is unclear as to whether or not a second FHA inspection and report were completed for appellants' transaction.