Plaintiffs-appellants and buyers, Melissa and Ronald Kelhoffer, appeal a bench trial verdict of the Warren County Court in favor of defendants-appellees and sellers, the Estate of Raymond DeHaven[1] and Jesse DeHaven, in a dispute concerning whether appellees fraudulently failed to disclose and/or concealed a leaky roof. We affirm the decision of the trial court.
Appellants purchased real estate located at 65 Catalpa Drive, Springboro, Warren County. Appellees had owned the property since 1988, but had not lived in the house for about five months preceding the sale to appellants. Appellees provided appellants with the mandatory Residential Property Disclosure Form which requires the seller to disclose, inter alia, "current leaks or other material problems with the roof" within the past five years. The residential property disclosure form indicates in all capital letters that the statements are based on the owner's actual knowledge only. After appellees provided appellants with the residential property disclosure form, the contract of sale was signed on or about April 29, 1997. The contract for sale indicates that the house was purchased "as is." Appellants and appellees never met until the day of closing and did not discuss the condition of the house.
Soon after appellants moved into the home, the first significant rain caused a number of substantial leaks in the roof to become noticeable. The record indicates patchwork type repairs had been done including tarring and caulking. Randy Wallace, a construction employee with extensive roofing experience, inspected the roof. He concluded that the repair work was not of professional quality, but could not testify whether any of the repairs were recently done.
Due to the leaks in the roof, appellants filed a complaint against appellees for fraud and breach of contract.[2] A trial occurred on May 19, 1998 and the trial court entered a verdict in appellees' favor on July 2, 1998. From this decision, appellants filed a timely notice of appeal and assert one assignment of error:
 THE TRIAL COURT ERRED IN FINDING IN FAVOR OF THE APPELLEES.
Appellants' argument is, in essence, that the trial court's verdict is against the manifest weight of the evidence because the record clearly demonstrates fraudulent concealment and/or misrepresentation. We note that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."Seasons Coal Company, Inc. v. City of Cleveland (1984), 10 Ohio St.3d 77,80. With this standard of review in mind, we consider appellant's assignment of error.
In order to establish fraud, appellants must have shown "(1) a representation or, where there is a duty to disclose, concealment, (2) which is material, (3) made falsely, with knowledge of its falsity or with reckless disregard for the truth, (4) with the intent to mislead, (5) justifiable reliance upon the representation or concealment and (6) a resulting injury proximately caused by the justifiable reliance."Padgett v. Sanders (Sept. 28, 1998), Clermont App. No. CA97-12-114, unreported, at 11-12, citing Gaines v.Preterm-Cleveland, Inc. (1987), 33 Ohio St.3d 54, 55. It is settled that neither an "as is" clause or the doctrine of caveat emptor will protect a seller if the buyer proves fraud.Black v. Cosentino (1996), 117 Ohio App.3d 40, 44.
In this case, Jesse DeHaven testified that she was not aware of any problems with the roof. According to her testimony, the only repairs that had been done were in 1988 before she moved into the house. As noted, Randy Wallace did not testify that any of the repairs were done recently. In addition, appellees did not live in the house for the five months before the sale.[3] The record provided scant basis to conclude when the amateur repairs were completed. The only possible evidence of fraudulent concealment is the amateur quality of the repairs and the different coloration of the roof shingles, but the trial court easily could have concluded this evidence was insufficient to prove fraudulent intent.
Appellants were not limited in their inspection of the house in any way. Thus, regardless of whether the defects in the roof were latent and material, the evidence entitled the trial court to conclude that appellees were not aware of the problem and therefore appellees lacked fraudulent intent. SeeBlack at 44. Based on the entire trial record, the court had substantial, credible evidence to conclude appellants failed to prove fraudulent concealment and/or misrepresentation. Absent a showing of fraud, the doctrine of caveat emptor as well as the "as is" clause in the contract of sale forecloses appellants' claim. Accordingly, the single assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.
[1] The Estate of Raymond DeHaven was substituted as a party for Raymond DeHaven on August 4, 1998.
[2] The breach of contract claim was not argued on appeal and, therefore, will not be addressed.
[3] We recognize that the trial court incorrectly stated that appellees had not lived in the home for five years before the sale. However, the overall trial record confirms that the trial court's verdict is supported by substantial, credible evidence.