MEMORANDUM DECISION AND JUDGMENT ENTRY.
Plaintiffs-appellants, David Juan and Shirley C. Juan ("appellants"), brought suit against defendants-appellees, Michael J. Harmon and Patricia M. Harmon ("appellees"), a
and various others, who are not the subject of this appeal,[1] for fraud, negligent misrepresentation, breach of express and implied warranties, and breach - of - contract. The trial court granted summary judgmentsummary judgment in favor of appellees on the breach-of-contract claim and on the claims that appellees committed fraud in failing to disclose past water problems in the basement, garage roof, and backyard of the home appellees sold to appellants. Since there are genuine issues of material fact to warrant reversal of the trial court, we have suasponte removed this case from the accelerated calendar and placed it on the court's regular calendar to discuss those issues in greater detail.[2]
Appellants do not assign error to the breach-of-contract claim as it was resolved by the trial court in its summary-judgment decision. Also of note is that the remaining issues claims of breach of implied and express warranties and negligent misrepresentation, alleged asserted against appellees in their first amended complaint, were not discussed in the trial court's summary judgmentsummary-judgment decision, or, explicitly disposed of in a trial, or and they have not otherwise been addressed in this appeal. In light of App.R. 12, this court will not address issues not raised on appeal. In their Turning to theappellants' single assignment of error, the appellants claim that the trial court erred in granting summary judgmentsummary judgment. We agree.
A court may grant summary judgmentsummary judgment only when the moving party demonstrates that the record is devoid of genuine issues of material fact and that reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. Civ.R. 56(B); see, e.g., Mitseff v. Wheeler (1988), 38 Ohio St.3d 112,115, 526 N.E.2d 798, 801; Dresher v. Burt (1996), 75 Ohio St.3d 280,293, 662 N.E.2d 264, 274. Where there are no disputed issues,summary judgmentsummary judgment is properly granted to avoid a formal trial; however, the trial court may only grant summaryjudgmentsummary judgment after construing the evidence in favor of the nonmoving party. Norris v. Ohio Std. Oil Co. (1982),70 Ohio St.2d 1, 2, 433 N.E.2d 615, 616; Temple v. Wean United,Inc. (1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267, 274. An appellate court reviews the record de novo to determine whether the party moving for summary judgmentsummary judgment has met its burden. Id.; Wille v. HunkarLaboratories, Inc. (Dec. 31, 1998), Hamilton App. No. C-971107, unreported, 1998 WL 906415.
The central issue in the appellants' case against appellees is whether fraud was committed by appellees in failing to disclose water problems on the Residential Property Disclosure Form ("RPDF"). Appellants claim that appellees failed to disclose repairs made to a garage ceiling, water leakage in the basement of the home, and drainage problems in the backyard. Appellees claim that their disclosures were accurate and that the doctrine of caveat emptor applies to support the entry of summaryjudgmentsummary judgment in their favor.
In 1992, the General Assembly enacted R.C. 5302.30, which requires that sellers of residential real property disclose certain defects within their actual knowledge. The statute also requires that the disclosures be made in good faith, which "means honesty in fact in a transaction * * *." R.C. 5302.30(A)(1). While the doctrine of caveat emptor still applies to the sale of residential real property in Ohio, the seller of that property must disclose latent defects that are not readily observable or discoverable through a purchaser's inspection. Black v.Cosentino (1996), 117 Ohio App.3d 40, 44, 689 N.E.2d 1001,1003, citing Layman v. Binns (1988), 35 Ohio St.3d 176,519 N.E.2d 642; see, also, Rose v. Zaring Homes, Inc.
(1997), 122 Ohio App.3d 739, 743-744, 702 N.E.2d 952, 955-956. Failure to disclose the required information in the RPDF does not necessarily mean that the seller has committed fraud; however, when the seller intentionally fails to disclose a material fact on the RPDF with the intention of misleading the buyer, and the buyer relies upon the RPDF, the seller is liable for any resulting injury. Id.; Harris v. Burger (Aug. 24, 1995), Cuyahoga App. No. 68303, unreported, 1995 WL 502541; see, also, Schultz v. Sullivan
(1993), 92 Ohio App.3d 205, 634 N.E.2d 680.
A review of the record reveals that the appellees failed to disclose on the RPDF that the basement of their home was inundated with water in 1990 and 1992, and that repairs for water damage were made to the garage roof on several occasions, including one occasion just one month prior to the preparation of the RPDF. Additionally, appellants' expert provided an affidavit that supports the inference that the flooding problems experienced by appellants might have been experienced by appellees as well. While the appellants contracted with a home inspector to examine the property for defects, the inspection failed to reveal either the flooding in the basement or the patchwork in the garage ceiling, which might have led to the discovery of the water-damaged roof. Thus, since the appellees raised sufficient disputed material facts regarding whether the appellees failed to disclose latent defects that were not readily observable or discoverable through an inspection, summary judgmentsummary judgment on the claimissue of fraud with respect to the basement flooding and water-damaged roof was improper.
The remaining defect complained about by the appellants involves the ponding of water in the backyard. The RPDF requires that sellers of property disclose current drainage problems and any "repairs, modifications or alterations to the property or other attempts to control any flooding, drainage, settling or grading problems since owning the property (but not longer than the past 5 years)." While appellees are correct that the backyard itself really was open and obvious, the underground drainage system installed by appellees to control drainage was not open and obvious to appellants or their inspector. Furthermore, the installation of underground drains in the backyard supports the inference that the appellees were aware of water problems in the basement of their home as a direct result of the ponding of water in their backyard. Since genuine issues of material fact exist with respect to the ponding of water in the backyard and whether appellees acted fraudulently in failing to disclose that fact on the RPDF, summary judgment
summary judgment on this aspect of the fraud items issueclaims
was improper as well.
Based upon the foregoing, the appellant's' assignment of error is well taken. The entry by the trial court of summaryjudgmentsummary judgment on the claimissue of fraud is reversed and the cause remanded for further proceedings consistent with law.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment reversed and cause remanded.
Doan, P.J., and Hildebrandt J., concur.
To the Clerk:
Enter upon the Journal of the Court on March 5, 1999__________________________________ per order of the Court _______________________________.
Presiding Judge
[1] The matter proceeded on the remaining counts in thecomplaint against defendants Criterium-Hough Engineers, Blaine E. Smith, and Pool Care. Pool Care was dismissed by agreement of the parties on May 21, 1998. A jury returned a verdict in favorof Criterium-Hough Engineers and Blaine E. Smith received a favorable jury verdict on May 27, 1998.
[2] Appellants appeal from the summary-judgment entry of October 31, 1997, granting summary judgment; however, the proper appealable order entry to appeal from is the Judgment Entry of June 23, 1998, which in turn made the October 31, 1997, entry final and appealable.