JOURNAL ENTRY AND OPINION
Appellants, Raymond J. Campbell and Veronica L. Campbell, appeal the trial court's grant of summary judgment in favor of appellees, Bryan Mahoney and Thomas Wojtala. For the following reasons, we reverse and remand.
On February 26, 1997, appellants entered into a purchase agreement whereby they agreed to purchase from appellees the home located at 11902 Willard Avenue, Garfield Heights, Ohio. The purchase agreement stated that the appellants were purchasing the property "as is" in its present physical condition. The purchase agreement contains the following language above the sellers signature lines: "SELLERS REPRESENT THAT THEY ARE AWARE OF NO HIDDEN OR MATERIAL LATENT DEFECTS IN THE PROPERTY EXCEPT THE FOLLOWING: (IF NONE, WRITE "NONE")." Appellees did not list any latent defects, but also did not write "none" in the blank provided.
In the residential property disclosure form, appellees disclosed that there was very slight moisture on the south wall of the basement during very hard rain. The disclosure form also stated that appellees never lived in the home.
Appellants averred that, after they moved into the home, they immediately and repeatedly experienced severe water problems in the basement. The defects were not open and obvious. The leakage occurred in areas that had been freshly painted, covered and remodeled. The affidavits state that appellants were informed by Darrell Stamps of Ohio State Home Services, Inc. of the following, and quotes verbatim a letter sent by Stamps.
The letter was attached to appellants' brief in opposition. The letter stated that Stamps waterproofed the basement on May 26, 1997. At that time, Stamps found cracks in the floor, stains on the walls, water under the floor and wide spaces between the porch and the house. Stamps sealed the cracks, treated the basement with tilex, installed pressure relief and sealed the spaces between the porch and the house. Stamps believed that the problems did not develop overnight, and probably happened over a period of years. Attached to appellants' motion in opposition to summary judgment were copies of the bills for repairs to the roofs and basement.
The affidavit of appellee-Brian Mahoney stated that the City of Garfield Heights inspected the property on December 2, 1996 and did not find any problems. The U.S. Department of Housing inspected the property on April 4, 1997 and did not discover any defects. Attached to appellees motion for summary judgement was a form waiving a home inspection, signed by appellants. The affidavit of appellee-Mahoney does not state that he was unaware of any defects in the home.
In their answer to appellants' interrogatories, appellees stated that they purchased the house on October 31, 1996. Repairs and painting were performed between November 1, 1996 and January 1, 1997. Appellee-Bryan Mahoney did some of the repairs, including painting the basement walls and floors. New drywall was installed in the basement ceiling. New carpet and wooden trim was installed in the basement.
Appellant's sole assignment of error states:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED THE DEFENDANTS-APPELLEES' MOTION FOR SUMMARY JUDGMENT.
Summary judgment is appropriate upon the demonstration that: (1) there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. See Civ.R. 56 (C),Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66. The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett
(1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265. The assertion that there is no genuine issue of fact must be backed up by some evidence of the type listed in Civ.R. 56 (C) and cannot rest solely on the mere allegations or denials of the pleadings. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293;Eiland v. Coldwell Banker Hunter Realty (1997), 122 Ohio App.3d 446,456; Beder v. Cleveland Browns, Inc. (July 9, 1998), Cuyahoga App. No. 72500, unreported. If the moving party meets this burden, summary judgment is proper against a non-moving party who fails to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial. Dresher, Celotex, supra.
 The doctrine of caveat emptor precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser has the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor.
Layman v. Binns (1988), 35 Ohio St.3d 176, syllabus.
Appellants averred that the defects were hidden by paint and other improvements. Appellees assert that the defects were open and obvious because the letter from Mr. Stamps stated that Stamps noticed cracks in the floor, stains on the wall, water under the floor and wide spaces between the house and porch upon his arrival or in the course of working. Stamps observed the property on May 26, 1997. There is no evidence that any defects were observable in February when appellants inspected the house. Neither does the fact that appellees informed appellants of "a slight moisture problem" mean that appellants failed in their duty to inquire further or obtain an expert. See Tipton v. Nuzum
(1992), 84 Ohio App.3d 33; Buchanan v. Geneva Chervenic Realty
(1996), 115 Ohio App.3d 250. There was no evidence an expert would have been able to discover the defects at the time of purchase.
There is no dispute that appellants had a sufficient opportunity to inspect the premises.
Even if the defects were latent, the "as is" clause in the purchase agreement absolved the seller from liability for fraudulent non-disclosure. See Kaye v. Buehrle (1983),8 Ohio App.3d 381. The seller remains liable for fraudulent representation and fraudulent concealment, despite the "as is" clause. Id.; Dennison v. Koba (1993), 86 Ohio App.3d 605; Black v. Cosentino (1996), 117 Ohio App.3d 40.
The elements of a fraudulent representation or concealment are: (1) a representation or concealment of fact; (2) which is material to the transaction; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation or concealment; and (6) injury proximately caused by the reliance. Black, supra.
As appellees moved for summary judgment, they must point to portions of the record which show that appellants-will be unable to prove these elements of fraudulent concealment or fraudulent misrepresentation. See Dresher, Eiland, Beder, supra. Appellees never averred that they did not know nor should have known about the defects. There was evidence that appellee-Bryan Mahoney did some of the repairs to the basement. A reasonable trier of fact could infer that Mahoney noticed or should have noticed the defects in the basement while he was doing the repairs. Appellants attached a letter of Darrell Stamps stating that the defects had to have developed over a period of years. It is questionable whether the letter was properly authenticated, so the court may not have been obligated to consider the letter. SeeFelker v. Schwenke (Aug. 17, 1998). Cuyahoga App. No. 73180, unreported. In any case, appellees have not demonstrated that there is no genuine issue of material fact as to whether they knew or should have known about the defects, so appellants had no burden to come forth with evidence that appellees did know of the defects.
Reasonable minds could find that appellees made representations as to the condition of the house in the purchase agreement and the disclosure statement. There was evidence that appellee Bryan Mahoney did some of the repairs to the basement which concealed the defects. A trier of fact could also find that appellants reasonably relied on these representations or concealments to their detriment.
Appellees failed in their initial burden to demonstrate that there was no genuine issue of fact. Neither did appellees demonstrate that they were entitled to summary judgment as a matter of law. The trial court erred in granting appellees' motion for summary judgment.
Accordingly, appellants assignment of error is sustained. The decision of the trial court is reversed, and this case is remanded for further proceedings consistent with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules cf Appellate Proqedure.
SPELLACY, J., AND BLACKMON, J., CONCUR
 __________________________________ ANN DYKE PRESIDING JUDGE