This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} As, Mr. and Mrs. Donnelly, appeal the decision of the Medina County Court of Common Pleas, which granted summary judgment in favor of appellees, Mr. and Mrs. Taylor, for all three causes of action brought by appellants. This Court affirms.
 I.
{¶ 2} Appellants and appellees entered into a written purchase agreement for the purchase of a residential property ("house") located at 102 Prospect Street in Lodi, Ohio. The house was sold by appellees to appellants in its "as is" condition. The "as is" clause was contained in the purchase agreement as follows:
{¶ 3} "The property shall have a general home inspection performed by a professional home inspector within 7 business days after acceptance of this offer. *** If inspection is not completed within the time period herein specified, or if PURCHASER fails to notify SELLER in writing of defects within the above time period, the PURCHASER acknowledges that this contingency is hereby waived and shall be deemed final and absolute acceptance by PURCHASER of property in `AS IS' condition. *** IN THE ABSENCE OF WRITTEN NOTICE OF ANY DEFICIENCY FROM PURCHASER PRIOR TO CLOSING, PURCHASER UNDERSTANDS THEY WILL TAKE THE PROPERTY IN `AS IS' CONDITION, THIS IS A BINDING CONTRACT. BE SURE IT CONTAINS ALL TERMS AND REPRESENTATIONS UPON WHICH YOU ARE RELYING."
{¶ 4} Both parties signed and dated the contract.
{¶ 5} Appellants decided not to get a house inspection done pursuant to the terms of the contract. Appellants were obtaining VA financing to purchase the house and they felt it was unnecessary to pay for an inspection before purchase given the fact that someone from VA would have to inspect the house. A VA inspector did check the house and it passed inspection.
{¶ 6} Appellants and appellees never met or directly communicated with each other at any time during the process of looking at and contracting for the sale of the house. Appellants dealt with the real estate agents and appellees' son in purchasing the house. Appellants never met appellees at any time after they took possession of the house. Appellants moved into the house and discovered that bats were living in the walls and the gable area of the house. They hired a technician from Wildlife Control Services to remove the bats, at which time appellants were told that the bats had been infesting the house for quite some time.
{¶ 7} Appellants filed a complaint against appellees alleging three causes of action: breach of contract, loss of enjoyment, and fraud and misrepresentation. Appellees filed a motion for summary judgment on all three causes of action and appellants filed a response to the motion. The trial court, in a judgment entry, granted summary judgment to appellees on all three causes of action.
{¶ 8} Appellants timely appealed and set forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
{¶ 9} "DID THE COURT OF COMMON PLEAS ERR IN ITS DECISION GRANTING APPELLEE[S'] MOTION FOR SUMMARY JUDGMENT."
{¶ 10} In their sole assignment of error, appellants contend that the trial court erred in granting summary judgment to appellees. This Court disagrees.
{¶ 11} Pursuant to Civ.R. 56(C), summary judgment is proper if:
{¶ 12} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327.
{¶ 13} Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court.McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292-293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id at 293. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle (1991),75 Ohio App.3d 732, 735.
{¶ 14} Only disputes over facts which have the potential to affect the outcome of the lawsuit preclude entry of summary judgment; not the factual disputes which are irrelevant or unnecessary. Anderson v. LibertyLobby, Inc. (1986), 477 U.S. 242, 247-248, 91 L.Ed.2d 202. A complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. As a result, a moving party is entitled to judgment as a matter of law where the non-moving party failed to come forth with evidence of specific facts on an essential element of the case with respect to which they have the burden of proof. Celotex Corp. v. Catrett (1986), 477 U.S. 317, 323,91 L.Ed.2d 265.
{¶ 15} With regard to real property sales transactions in Ohio, the doctrine of caveat emptor operates to relieve the seller of the obligation to reveal every imperfection that might exist in a residential property. Quintile v. Hartley (April 12, 2000), 9th Dist. No. 2993-M, citing Buchanan v. Geneva Chervenic Realty (1996), 115 Ohio App.3d 250,255. However, the doctrine of caveat emptor cannot be used to protect the seller if the buyer can prove fraud. Layman v. Binns (1988),35 Ohio St.3d 176, 178. "Likewise, this [C]ourt has held that an `as is' clause cannot be relied upon to bar a claim for fraudulent misrepresentation or fraudulent concealment." Black v. Cosentino
(1996), 117 Ohio App.3d 40, 44, citing Tipton v. Nuzum (1992),84 Ohio App.3d 33, 39. See also, Quintile, citing Rogers v. Hill (1998),124 Ohio App.3d 468, 471; Buchanan, 115 Ohio App.3d at 257.
{¶ 16} Hence, where the doctrine of caveat emptor applies or when the sales contract contains an "as is" clause to limit the liability of the seller, fraudulent concealment or fraudulent misrepresentation will preserve liability against the seller for the buyer. Quintile. The Ohio Supreme Court has held the elements of actual fraud to be:
{¶ 17} "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." Gaines v. Preterm-Cleveland, Inc. (1987), 33 Ohio St.3d 54,55.
{¶ 18} In order to prove either fraudulent misrepresentation or concealment against the seller, the buyer must establish each of the above elements. Westfield Ins. Co. v. HULS Am., Inc. (1998),128 Ohio App.3d 270, 296.
{¶ 19} In the instant case, appellees brought a motion for summary judgment, requesting the trial court to dismiss appellants' complaint against them. Appellees argued that no material evidence existed that they had fraudulently misrepresented or concealed the condition of the house with regard to the bat infestation to appellants from which they could rely on in purchasing the house. Appellees stated that they never talked with appellants or directly communicated with them concerning the sale of the house because appellees were out of state and left their son and real estate agents in charge of selling the home for them. Because appellees never met with appellants, they had no opportunity to misrepresent anything with respect to bats in the house.
{¶ 20} Moreover, appellees provided affidavits stating that they had no knowledge of the bat problem with which to even consider attempting to conceal such from appellants. Appellees had stated the same in their depositions taken by appellants' counsel. Appellees argued that appellants provided no evidence of any concealment by appellees. Furthermore, appellees provided a copy of the purchase agreement to show that appellants agreed to purchase the house "as is", accepting the risk of defects to the house not known by the parties at the formation of their sales contract. Appellees pointed out that the purchase agreement specifically stated that appellants were to perform an inspection of the house within seven days of appellees' acceptance, and if appellants chose not to timely inspect, their inaction would constitute an agreement as to the "as is" clause of the contract. Appellees stated that appellants accepted the terms of the purchase agreement and then chose not to inspect the house immediately.
{¶ 21} In further support of their motion for summary judgment, appellees pointed to evidence showing that appellants had no evidence to support their allegation of fraud against appellees. Appellees referred to numerous pages of appellant Amy Donnelly's deposition testimony. She testified that there were no representations made by appellees to her or her husband with respect to the house. She testified that they had never met appellees. Appellees also argued that even though appellants testified to the fireplace being boarded up, tinfoil in the heating registers, and some wood boards in the basement, appellants could not say with certainty that they knew the boards and tinfoil were direct evidence that appellees had tried to conceal anything with respect to the bat problem. Appellees pointed out that appellants inquired about the boarded fireplace when they looked at the house and the real estate agent had informed them that appellees did not use the fireplace when they lived there.
{¶ 22} In their motion in opposition to appellees' request for summary judgment, appellants responded that genuine issues of material facts remained and appellees' motion should be denied. Appellants cited caselaw concerning summary judgment, but did not provide any personalized argument to support their position that genuine issues remain in the case. Appellants stated only that discovery has yet to be completed in the case. Attached to the motion in opposition were affidavits of appellant wife, appellant husband, and the pest control services inspector hired by appellants who found the bat infestation. Although appellants' affidavits contained statements concerning the discovery of the bats and their belief that appellees should have been aware of the bats, they provided no statements that appellees fraudulently misrepresented or concealed the bat problem to appellants.
{¶ 23} After careful review of the record, this Court cannot find that the trial court erred in granting summary judgment in favor of appellees against appellants' causes of action. Appellants failed to present evidence pursuant to Civ.R. 56(E), showing that there remained a genuine issue for trial concerning fraudulent misrepresentation or concealment by appellees. In view of the fact that appellants did not provide evidence establishing the elements of fraud, the trial court was correct in granting summary judgment to appellees as a matter of law.
 III.
{¶ 24} Accordingly, appellants' sole assignment of error is overruled. The judgment of the trial court is affirmed.
SLABY, P.J. and BAIRD, J. CONCUR.