OPINION
{¶ 1} The plaintiffs-appellants, Norman D. Dupler and Valerie A. Dupler, husband and wife, are appealing from the judgment of the Municipal Court of Dayton, Ohio, against them on their claim that the defendants, David Schwager and his wife Sara Schwager, committed fraud by concealment of a severe water problem in the basement of the house the Schwagers had sold them.
 {¶ 2} The matter came on for a bench trial, following which the trial court filed "proposed findings of fact and conclusions of law and decision" followed shortly after by its journal entry, as follows:
 {¶ 3} "This matter came to a hearing before the Court upon the Complaint of the Plaintiffs. The Court finds from the evidence presented and the testimony adduced therein, that the Court has jurisdiction over the subject of the cause of the action and the parties hereto. The Court further finds from the evidence that Plaintiffs have failed to meet their burden of proof, and by reason thereof, judgment is entered in favor of the Defendants and against the Plaintiffs."
 {¶ 4} The appellants' assign as their sole error that the trial court's determination that the appellants have failed to meet their burden of proof in demonstrating fraud by means of concealment was against the manifest weight of the evidence.
 {¶ 5} In the interest of a proper understanding of this case, we hereby set forth in full the trial court's findings of fact, conclusions of law, and its decision, as follows:
 {¶ 6} "This cause came before the court for trial on the merits on June 19, 2002. Each party was present and represented by counsel. After trial, the court took the matter under advisement and requested that each party submit Proposed Findings of Fact and Conclusions of Law. Each party has complied with the court's request. The court herein renders its Findings of Fact and Conclusions of Law.
 "Findings of Fact {¶ 7} "Plaintiffs, Norman and Valerie Dupler purchased a house located at 808 Westminster Place, Dayton, Ohio 45419, from Defendants, David and Sara Schwager. On January 23, 2001 defendants filled out a Residential Property Disclosure form. When the form asked about water leakage or other such defects, defendants checked `yes', and wrote `Small leaks on west side of basement during times of heavy sustained rains.' Prior to closing on the house, the Duplers inspected the house five times, and, they saw the wall had a crack that had been repaired, but noticed no leakage. No other mention of leakage was given to the Duplers. A whole house inspection was done on January 31, 2001; the report noted no visual evidence of water penetration, but recommended monitoring the wall during periods of heavy rain, since Norman had informed the inspector about the disclosure statement made by the Schwagers. The Duplers relied on the information in the disclosure statement and the inspection report and, after closing, moved into the house on April 7, 2001. Within the first four months of purchase, serious water problems occurred in the basement on five separate occasions. Water was not only leaking in on the west wall, but all over the basement. Puddles were throughout the basement and an area carpet was ruined. Duplers had three estimates and selected B-Dry water proofing who repaired the problem for $5435.00. Defendants stated that they never saw water on the east side of the basement. They used the basement for storage and laundry, and, they said water in the basement was of little significance to them. Defendants did admit to seeing puddles and placing towels on the floor in the basement but they never actually observed water coming up through the floor. Two realtors, representing the Duplers and the Schwagers, stated they never observed or heard mention of a water problem in the basement. Other than what was in the disclosure form and in the inspection report, no mention of water leakage was made by the Schwagers to anyone. Michael Raggaw, president of B-Dry since 1988 and the person in charge of repairing the Dupler's house, stated that as he was working, he could see evidence of past draining problems that existed for some time. Plaintiff's exhibit 5 is the check stub showing that the Duplers did pay B-Dry $5435.00 for repair work done on July 17, 2001. Of the three realtors who testified at trial, not one of them saw any evidence of leakage or any water stains in the basement when they went through the house.
 "Conclusions of Law {¶ 8} "With the passage of Ohio Revised Code Section 5302.30
effective July 1, 1993, (the statute that requires the vendor of the property to disclose, in good faith, `material matters relating to the physical condition of the property to be transferred and any material defects in the property that are within the actual knowledge of the transferor.') the common law doctrine of caveat emptor has been codified. Buchanan v. Geneva Chervenic Realty (1996), 115 Ohio App.3d 250. If the vendor/seller fails to provide the disclosure form, the buyer has the remedy of rescission. VanCamp v. Bradford (1993), 63 Ohio Misc.2d 245
at 252. Thus R.C. 5302.30 has created the legal duty to disclose. Hullv. Dretrick (Dec. 31, 1997), Miami App. No. 97-CA-32, unreported.
 {¶ 9} "The doctrine of caveat emptor governs real property sales transactions in Ohio. Layman v. Binn (1988), 35 Ohio St.3d 176. The circumstances under which caveat emptor precludes recovery in an action by a purchaser for a structural defect in real estate are:
 {¶ 10} "1) the condition complained of is open to observation or discoverable upon reasonable inspection;
 {¶ 11} "2) the purchaser had unimpeded opportunity to examine the premises;
 {¶ 12} "3) there is no fraud on the part of the vendor. Id.
 {¶ 13} "To avoid the operation of caveat emptor, the buyer must first show that the condition complained of was not openly observable at the time of purchase id. A `latent defect' as exception to caveat emptor is one that could not have been discovered by inspection. Rogers v. Hill
(1988), 124 Ohio App.3d 468. A seller has the obligation to disclose material facts which are latent, not readily observable or discoverable through a purchaser's reasonable inspection. Layman at 178. If a buyer cannot prove a latent defect or that the buyer was not permitted inspection, the doctrine of caveat emptor cannot be used to protest [sic-protect] a vendor if the buyer can prove fraud. Id. In order to establish a fraud claim, the buyer must prove each of the following elements:
 {¶ 14} "1. a representation, or, where there is a duty to disclose, a concealment of fact;
 {¶ 15} "2. which is material to the transaction at hand;
 {¶ 16} "3. made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred;
 {¶ 17} "4. with the intent of misleading another into relying on it;
 {¶ 18} "5. justifiable reliance on the representation or concealment and,
 {¶ 19} "6. a resulting injury, proximately caused by the reliance.
 {¶ 20} "Black v. Cosentino (1996), 117 Ohio App.3d 40 at 45.
 {¶ 21} "In the case at bar, the plaintiffs (the Duplers) have failed to meet their burden of proof which was to prove that defendants (the Schwagers) perpetrated fraud to conceal a latent defect thus causing injury to plaintiffs as a result (injury in the form of a major repair job to their home).
 {¶ 22} "The key to this case is that the plaintiffs did not prove any concealment on the part of the defendants. Pursuant to R.C. 5302.30, the defendants filled out the Residential Property Disclosure Form, noting the leakage on the west side of the basement. There was no evidence presented to show that the defendants did not act in `good faith' when they made this disclosure. The water problem may fit the text book definition of latent defect, and, a vendor is under a duty to disclose facts regarding such defects or he will be held liable for damages resulting from his silence. Van Camp v. Bradford (1993),63 Ohio Misc.2d 245. But plaintiffs simply did not demonstrate that defendants were aware of anything more than leakage on the west wall during heavy rains. There is no evidence that defendants covered up anything in the basement or discouraged anyone from going in the basement. The plaintiffs had access to the home; they testified they were in the house at least five times prior to closing. The plaintiffs even had a whole house inspection done and the inspector found no evidence, other than the crack in the west wall, of water damage. The three realtors who testified at trial each stated they saw no evidence of water damage. No evidence was given to show that defendants had serious water problems in their basement and tried to conceal this information from the buyers either by misrepresentations or by their silence.
 {¶ 23} "Inasmuch as plaintiffs failed to meet their burden of proof, the Court hereby finds in favor of the defendants and against the plaintiffs."
 {¶ 24} Appellants' counsel in his brief basically argues that it is totally incredible that the appellee sellers did not know of the severe water problem, and thus fraudulently concealed it from the plaintiffs-appellants. We agree that the case is about credibility, and as we have stated many times, without the necessity of further citations, credibility is for the trier of the fact. Here, the trier of the fact was the trial court itself and made its own credibility call when it found that the plaintiffs did not prove any concealment on the part of the defendants. We hereby approve and adopt the above-quoted trial court's findings of fact, conclusions of law, and its decision as our own. We simply have no basis in the record to overturn the trial court on its credibility determination and its finding of lack of evidence presented to finding the defendants concealed a severe water problem from the plaintiffs.
 {¶ 25} The assignment of error is overruled, and the judgment is affirmed.
WOLFF, J. and GRADY, J., concur.