LANCE et al., Appellees,

v.

BOWE et al., Appellants.

[Cite as *Lance v. Bowe* (1994), 98 Ohio App.3d 202.]

Court of Appeals of Ohio,
Summit County.

No. 16777.

Decided Oct. 26, 1994.

204

*Orval Hoover,* for appellees.

*Russell M. Pry,* for appellants.

Cook, Judge.

Appellants, Sharon and Stephen Bowe ("the Bowes"), appeal from a trial court judgment awarding $7,000 in damages and $2,900 in attorney fees to appellees, Teresa and Daniel Lance ("the Lances"). We affirm because (1) sufficient evidence supported the trial court's finding of fraud; (2) the Lances did not waive their right to rely on oral statements made by the Bowes; (3) the Lances were not estopped from advancing their claim; (4) the trial court did not abuse its discretion by awarding exemplary damages to the Lances; and (5) the trial court did not abuse its discretion by awarding attorney fees to the Lances. However, we reduce the Lances' award to $7,000 because their complaint asked for only $7,000 compensatory damages and no punitive damages.

Because the parties agreed that the referee's findings would be final, we take these findings as fact. Civ.R. 53(E)(3). The Lances wanted to buy a house; a real estate agent directed them to the Bowes' house. During their inspection of the house, the Lances repeatedly told Sharon Bowe ("Sharon") that they did not want to buy a house with any basement water problems. Sharon assured them that the basement did not leak. During the inspection, standing water was discovered in the basement's fruit cellar. When asked about this condition,

Sharon remembered that water had previously flooded the fruit cellar but claimed that the rest of the basement had no water problems. On the sellers' disclosure form, the Bowes indicated that the northwest corner of the house, the corner where the fruit cellar was located, had a problem with leaking.

The Bowes and Lances executed a purchase agreement. About two weeks after the parties had entered into this agreement, the Lances hired an independent inspector to examine the house. The inspector noted some effervescence on the basement walls and also noticed a partial bowing of one of the walls. He concluded that these imperfections could have been the result of the house's age. After this inspection was completed, the Lances signed a document entitled "Satisfaction of Right to Inspect." This document indicated that the Lances had exercised their right to inspect and were satisfied with the house's condition "as is."

Soon after the Lances moved into the house, a storm flooded the entire basement. Water entered the basement during later rains. The basement also flooded whenever the Lances watered their lawn. Daniel Lance ("Daniel") attempted to correct the problem by cleaning the gutters, downspouts, and drain lines. His efforts were to no avail, leading the Lances to pay $4,700 for repairs which corrected the basement's problems.

The Lances sued the Bowes, seeking $7,000 in damages (but no punitive damages) and reasonable attorney fees. The parties agreed to submit the case to a referee. The referee found that the Bowes had made fraudulent representations as to the basement's condition. He awarded the Lances $7,000 for actual and exemplary damages and another $2,900 for attorney fees. The trial court adopted the referee's award. The Bowes appeal from this judgment, asserting five assignments of error.

### Assignment of Error I

"The trial court erred in finding that sufficient evidence existed to support a finding of fraud."

The Bowes assert that the Lances failed to show the falsity of the Bowes' representations concerning the basement. They claim that they had no reason to believe that the basement leaked water, except for the fruit cellar.

In a civil case, a "[j]udgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. Except in extreme instances, an appellate court will not second guess the lower court's findings as to weight and credibility. *Sykes*

*Constr. Co., Inc. v. Martell* (Jan. 8, 1992), Summit App. Nos. 15034 and 15038, unreported, at 19, 1992 WL 2919.

■ We find that sufficient evidence supported the referee's determination that the Bowes made false statements about the basement. Sharon originally stated that the basement had no water problems. She later revised that statement, saying that the fruit cellar had problems with leaking water, but the rest of the basement was dry. Contrary to these statements, the referee found that the basement flooded every time it rained and also flooded when the Lances watered the lawn. Sharon assured the Lances that the flooding would stop after the downspouts were cleaned; however, the flooding continued after Daniel cleaned the downspouts. The Lances discussed the problem with Sharon after the first flood. Sharon said that when she stated the basement was dry, "it all depended upon what one meant by dry." The company which repaired the basement indicated that the problem which caused the flooding occurred gradually. Based upon these facts, we find that sufficient evidence supported the referee's finding regarding the falsity of the Bowes' representations.

The Bowes' first assignment of error is overruled.

### Assignment of Error II

"The trial court erred in not finding that, as a matter of law, Appellees had waived their right to claim reliance on statements made by Appellants."

■ The Bowes assert that the Lances waived their right to argue reliance on the Bowes' representations about the basement. They cite paragraph nineteen of the purchase agreement, which stated: "Explain any statement(s) that you as buyer/seller have relied on that is/are not written or printed herein." The paragraph left space for the parties to list these statements. In their space, the Lances wrote "none" and initialed the notation. The Bowes note that this clause was not boilerplate language; instead, the clause provided space for the Lances to list all of the representations they had relied upon. The Lances also signed a document indicating satisfaction of their right to inspect the house. This document indicates that the Lances exercised their right to inspect the house prior to purchase and were satisfied with the house's condition at that time.

Generally, this court has held that "as is" clauses in purchase agreements do not bar fraud claims. *Kaye v. Buehrle* (1983), 8 Ohio App.3d 381, 383, 8 OBR 495, 497, 457 N.E.2d 373, 376; *Mancini v. Gorick* (1987), 41 Ohio App.3d 373, 374, 536 N.E.2d 8, 9–10.

In *Sanfillipo v. Rarden* (1985), 24 Ohio App.3d 164, 24 OBR 253, 493 N.E.2d 991, the purchase agreement contained a clause much like the one at issue here. It stated that the purchaser relied solely on his own examination and inspections

and was not relying upon any representations by the real estate agents involved. In reversing summary judgment for the seller, the court held that a clause limiting liability will not preclude liability for a fraudulent misrepresentation "if it can be shown that the statements were made under circumstances exhibiting actual fraud." *Id.* at 168, 24 OBR at 258, 493 N.E.2d at 996.

■ We find that this principle extends to a clause which requires the buyer to list all representations relied upon. Under the circumstances of this case, the buyers' failure to list a statement which they later claim to have relied upon does not automatically bar an otherwise actionable fraud claim. Instead, the clause is part of the evidence to be used by the seller in defending the claim. The buyer's testimony must be evaluated in light of such a contradictory writing. A party may still, however, be able to prove reliance on a fraudulent representation not included in a clause such as paragraph nineteen.

■ Here, the trier of fact had a proper basis to give little weight to the fact that the Lances did not list the basement representation in paragraph nineteen. That basis is the Bowes' affirmative written statement regarding the basement on the seller's disclosure form. Because that disclosure form advised of only a limited wetness problem, the Lances could have reasonably surmised that such a written statement obviated the necessity to note in paragraph nineteen the supporting oral statement about the basement being otherwise dry.

■ Similarly, the addendum indicating satisfaction of the buyer's right to inspect is merely evidentiary, not conclusory. The referee considered the effect of this document and concluded that despite this document, the Lances could advance a fraud claim.

We find that the Lances did not waive their right to claim reliance on the Bowes' representations. The Bowes' second assignment of error is overruled.

## Assignment of Error III

"The trial court erred in not finding that Appellees' claim was barred by the doctrine of estoppel."

In this assignment of error, the Bowes reiterate their arguments concerning paragraph nineteen of the purchase agreement and the "satisfaction of right to inspect" document. They claim that the Lances should not be permitted to change their position to the Bowes' detriment.

■ Estoppel consists of four elements. The party to be estopped must make a representation. This representation must communicate some fact or state of affairs in a misleading manner. This representation must induce the other party's good faith, reasonable reliance. Finally, the relying party must suffer

prejudice or pecuniary loss absent the estoppel. *First Fed. S. & L. Assn. v. Perry's Landing, Inc.* (1983), 11 Ohio App.3d 135, 145, 11 OBR 215, 226–227, 463 N.E.2d 636, 648. These elements must be viewed in light of the following factors:

"(a) the nature of the representation; (b) whether the representation was in fact misleading; (c) the relative knowledge and experience of the parties; (d) whether the representation was made with the intent that it be relied upon; and (e) the reasonableness and good faith of the reliance, given all the facts and circumstances." *Id.* at 145–146, 11 OBR at 227, 463 N.E.2d at 648.

██ We find that the Lances' fraud claim is not barred by estoppel. The Lances' failure to note in paragraph nineteen what the Bowes said to them is not an affirmative representation capable of inducing the Bowes' good faith reliance.

The Bowes' third assignment of error is overruled.

## Assignment of Error IV

"The trial court erred as a matter of fact and law in awarding exemplary damages to Appellees."

The Bowes advance two arguments against the punitive damages awarded to the Lances. Noting that the Lances' complaint did not specifically request punitive damages, the Bowes argue that these damages cannot be awarded. The Bowes also assert that they did not act maliciously or with ill will. We reject these arguments.

██ The Lances' failure to request punitive damages does not preclude the award of such damages. The Supreme Court of Ohio has stated that a court may award punitive damages, even if such damages are not requested, "as long as the total award does not exceed the compensatory request" pursuant to Civ.R. 54(C). *Bishop v. Grdina* (1985), 20 Ohio St.3d 26, 29, 20 OBR 213, 215, 485 N.E.2d 704, 706. Here, the trial court awarded the Lances $7,000 in total damages, the amount asked for by the Lances.

The Bowes' argument regarding malice and ill will requires us to examine whether sufficient evidence supported the referee's finding of malice and/or ill will. "Ordinarily, an appellate court will not overturn the judgment of a lower court where that court's judgment is supported by some competent, credible evidence going to all the essential elements of the case." *Vogel v. Wells* (1991), 57 Ohio St.3d 91, 96, 566 N.E.2d 154, 159.

██ Actual malice is necessary for a punitive damages award. The Supreme Court of Ohio has defined "actual malice" as "(1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, *or* (2) a conscious disregard for the rights and safety of other persons that has a great

probability of causing substantial harm." (Emphasis *sic.*)  *Preston v. Murty* (1987), 32 Ohio St.3d 334, 512 N.E.2d 1174, syllabus.

■ We find that the trial court's punitive damages award was supported by competent, credible evidence.  The referee found that the Bowes' conduct was aggravated by malice or ill will.  The record reveals much evidence supporting this finding.  The severity of the flooding problem, the Bowes' knowledge of this problem prior to selling the house, the repairing company's statement that the problem occurred over time, and Sharon's vacillation as to what constitutes a "dry" basement all support the referee's conclusion of malice or ill will.  Because competent, credible evidence supported the referee's finding, we find that the referee appropriately awarded punitive damages to the Lances.

The Bowes' fourth assignment of error is overruled.

### Assignment of Error V

"The trial court erred as a matter of fact and law in awarding attorney fees to Appellees."

■ In this assignment of error, the Bowes assert that the trial court should not have awarded attorney fees only because that court should not have awarded punitive damages.  Because we conclude that the trial court did not abuse its discretion by awarding the Lances punitive damages, we find that the Bowes' argument is without merit.[1]

■ However, we find that the trial court erred in awarding $9,900 total damages ($7,000 for compensatory and punitives, $2,900 for attorney fees) to the Lances.  The Lances' complaint prays for $7,000 in compensatory damages.  It does not ask for punitive damages.  This court has stated that attorney fees "are awarded as a part of the compensatory damages, rather than as a part of punitive damages."  *Kapcsos v. Hammond* (1983), 13 Ohio App.3d 140, 142, 13 OBR 173, 174, 468 N.E.2d 325, 327.  Accordingly, the $2,900 in attorney fees is properly considered part of the Lances' compensatory damages.  However, Civ.R. 54(C) limits the claimant to the damages claimed in the demand.  Because the Lances asked for only $7,000 in compensatory damages and did not ask for punitive damages, we conclude that the trial court should have limited the total award to $7,000.

---

1.  This court has rejected the argument that punitive damages are a prerequisite to an attorney fees award. *Buds in Bloom, Inc. v. McBuds of Ohio, Inc.* (Mar. 17, 1993), Summit App. No. 15788, unreported, at 7, 1993 WL 84513.  However, while punitive damages are not necessary to sustain an attorney fees award, they are sufficient. *Charles R. Combs Trucking, Inc. v. Internatl. Harvester Co.* (1984), 12 Ohio St.3d 241, 245, 12 OBR 322, 326, 466 N.E.2d 883, 888.

Subject to this modification, the Bowes' fifth assignment of error is overruled. The judgment of the trial court, as modified, is affirmed.

*Judgment affirmed as modified.*

REECE, P.J., and BAIRD, J., concur.