OPINION
{¶ 1} Defendant-appellant LMR Contracting, Inc. ("appellant") appeals from the judgment of the Portage County Municipal Court, Ravenna Division, granting plaintiff-appellee Chester Clem's complaint for money only on a breach of contract, awarding prejudgment interest, and granting a request for attorney fees.
 {¶ 2} On January 24, 2001, Chester Clem filed a complaint for money only on a breach of contract claim. Clem stated he entered into a contract with William and Karen Steiner to install a septic system at the site of a home the Steiners were building in Randolph Township. Appellant was the general contractor for the project. Clem was to receive $7,300 upon completion of the septic system. Clem claimed that the contract between appellant and the Steiners, for the construction of the Steiners' home, provided that appellant would pay Clem the contract price for the septic system. Clem received $2,000 from appellant, in partial payment. Appellant refused to pay the balance. Clem contended that the Steiners and appellant were jointly and/or severally liable. Clem prayed for $5,300, plus interest from September 28, 2000, reasonable attorney fees, and costs.
 {¶ 3} On January 31, 2002, the matter came before the court for trial before the bench. William Steiner testified that, on January 8, 2000, he contracted with appellant to construct a home on property he and his wife owned in Randolph Township. As a part of the contract, Steiner asked for an itemization of what was to be included for the $318,976 price. One of the items was $7,500 for installation of a septic system.Under the contract, appellant was responsible for the installation of the septic system. That amount was included in a worksheet and not directly in the contract. Steiner and Yoder agreed Steiner had oral permission to select the subcontractors for the well and the septic system. All of the subcontractors, except the two selected by Steiner, were paid. Steiner orally informed Yoder of Clem's selection as a sub-contractor.
 {¶ 4} In September of 2000, Steiner entered into the contract with Clem for the installation of the septic system for $7,300. Steiner stated appellant was aware of Clem's selection and the price, although the proposal and invoice were sent to Steiner. Steiner testified that appellant agreed to pay all of the subcontractors out of the total construction price. Steiner stated he contacted appellant numerous times regarding the payment for the septic system installation. Yoder denied owing Clem any money because the contract was between Steiner and Clem. Steiner claimed Yoder first raised the contract issue after Steiner stopped payment on a check sent to pay overage amounts for additional work performed at the site. Steiner identified an invoice sent by appellant showing a credit for $200 because the cost of the septic system was less than the original allowance. Steiner had paid the entire contract price of the home to appellant. Payment for the septic system was to be made out of the $318,976 contract price for the total construction project. Yoder admitted that the overages dispute had nothing to do with the septic system. Yoder agreed he told Steiner that the septic allowance should be paid by appellant.
 {¶ 5} On September 26, 2000, Clem prepared a statement at the request of appellant's on-site supervisor. The supervisor told Clem the statement was for the purposes of appellant's pluses and minuses and so that Clem could be paid. Clem faxed the statement to appellant. Yoder informed Clem approximately a month later that it was appellant's policy to wait thirty days before paying subcontractors. Yoder did not deny any responsibility to Clem, at that time, regarding payment of the invoice.
 {¶ 6} On October 4, 2000, appellant sent Steiner a letter stating that, due to the stop payment on the check for the overage amount, all of the items the Steiners asked to be addressed under the warranty would be suspended. The $2,000 check paid to Clem was dated October 6, 2000. Yoder stated he agreed to pay Clem on the contract when appellant was paid in full.
 {¶ 7} At the conclusion of the trial, the court granted Clem judgment of $5,300, plus interest, at the statutory rate of 10 percent, from September 26, 2000, against appellant. The court found that the breach of the contract was willful and intentional. The court further found sufficient evidence of a contractual relationship, focusing on Yoder's admission that it owed Clem.
 {¶ 8} The trial court issued its judgment entry on February 20, 2002. The court found that appellant and the Steiners contracted for the construction of a dwelling for $318,976. Included in that amount was a $7,500 allowance for the installation of a septic system. Appellant and the Steiners agreed that the Steiners were permitted to hire a subcontractor for the septic system installation. The court found the Steiners and Clem entered into a contract on September 12, 2000, for the installation of the system. Clem completed installation of the septic system on September 28, 2000. The court found it obvious that the allowance for the septic system was included in the contract between appellant and the Steiners. The court found appellant intentionally, willfully, and wantonly breached the contract. On April 29, 2002, the trial court granted Clem's motion for attorney fees.
 {¶ 9} Appellant assigns the following errors for review:
 {¶ 10} "[1.] The trial court erred, to the prejudice of LMR, when it ruled that LMR was liable under the contract for installation of the septic system by and between Mr. Clem and Mr. and Mrs. Steiner.
 {¶ 11} "[2.] The trial court erred, to the prejudice of LMR, when it ruled that LMR was liable for the payment of the fees of Mr. Clem's attorney under the contract for installation of the septic system by and between Mr. Clem and Mr. and Mrs. Steiner.
 {¶ 12} "[3.] The trial court erred, to the prejudice of LMR, when it ruled that LMR was liable for the payment of pre-judgment interest for violation of the contract for installation of the septic system by and between Mr. Clem and Mr. and Mrs. Steiner."
 {¶ 13} In its first assignment of error, appellant claims the trial court erred by determining that appellant was liable to Clem under the contract executed between appellant and the Steiners. Appellant argues the trial court acted inconsistently by ruling that the issue of the overages was not before the court but finding that appellant was liable to pay for the installation of the septic system. Appellant asserts that, if Clem is considered a third-party beneficiary of the contract between appellant and the Steiners, then Clem has no greater rights than the Steiners to enforce the contract. The issue of the overages amount is a defense against the Steiners and appellant contends the trial court erred by not considering this in determining liability. Appellant asserts that the trial court was obliged to consider its defenses once the court assumed jurisdiction over the determination of damages.
 {¶ 14} The first issue to be addressed is Clem's status under the contracts. The evidence adduced at trial shows there are two written contracts. The first is the contract between appellant and the Steiners for the construction of the home. That contract includes $7,500 for the installation of a septic system. The second written contract is between Clem and the Steiners for the installation of a $7,300 septic system. There also is evidence of an oral agreement between the Steiners and appellant. That agreement calls for appellant to pay the subcontractor, chosen by the Steiners, for the installation of the septic system.
 {¶ 15} The construction and interpretation of contracts are matters of law. Latina v. Woodpath Dev. Co. (1991), 57 Ohio St.3d 212,214. An appellate court applies a de novo standard of review to questions of law and may interpret the language of the contract, substituting its interpretation for that of the trial court. Children's Med. Ctr. v. Ward
(1993), 87 Ohio App.3d 504, 508. However, a reviewing court will not substitute its judgment for that of the trial court regarding findings of fact if those findings are supported by competent, credible evidence.C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279. A court must interpret a contract so the intent of the parties may be ascertained and given effect. Crane Hollow, Inc. v. Marathon Ashland Pipe Line,L.L.C. (2000), 138 Ohio App.3d 57. "Only when the language of a contract is unclear or ambiguous, or when the circumstances surrounding the agreement invest the language with a special meaning, will extrinsic evidence be considered in an effort to give effect to the parties' intentions." Shifrin v. Forest City Ent., Inc. (1992), 64 Ohio St.3d 635, syllabus. If the contract is ambiguous, the court must examine the evidence and determine the intent of the parties. Cline v. Rose (1994),96 Ohio App.3d 611. An interpretation of an ambiguous term used in a contract is a question of fact and will not be reversed on appeal absent an abuse of discretion. Maines Paper Food Serv., Inc. v. Eanes
(Sept. 28, 2000), 8th Dist. No. 77301, 2000 Ohio App. LEXIS 4480, at 6. Contractual terms are ambiguous if the meaning of the terms cannot be deciphered from reading the entire contract or if the terms are reasonably susceptible to more than one interpretation. United StatesFid. Guar. Co. v. St. Elizabeth Med. Ctr. (1998), 129 Ohio App.3d 45,55.
 {¶ 16} To successfully prevail on a breach of contract claim, a party must provide evidence of (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damages. Doner v. Snapp (1994), 98 Ohio App.3d 597, 600. If a court determines that the parties intended to be bound by the terms of a contract, the court may fashion those less essential terms that were omitted in order to reach a fair and just result. Even so, a court may not make a contract for the parties if it is unable to determine what the parties' agreement is, after looking at the parties' manifestations taken together, and reasonably interpreted in the light of all the circumstances. Huffman v. Kazak Brothers, Inc., 11th Dist. No. 2000-L-152, 2002-Ohio-1683, 2002 Ohio App. LEXIS 1660. Generally, a written contract may be orally amended. An oral agreement will be valid only if it has the essential elements of a binding contract. Id. In other words, there must be an offer by one party and an acceptance of the offer by another. Goodwin v. Thompson, 11th Dist. No. 2002-P-0003,2003-Ohio-801, 2003 Ohio App. LEXIS 755.
 {¶ 17} The construction contract between the Steiners and appellant is not clear regarding how the $7,500 for the septic system will be paid. The contract shows a price of $318,976, subject to any additions or deductions to the general conditions of the contract agreed upon in writing. The worksheet attached to the contract shows $7,500 for the septic system. The total price listed on the worksheet is $318,976. Therefore, the $7,500 was included in the overall contract price. The contract is not clear as to whether the $7,500 would be eventually credited against the overall price or if appellant would pay the subcontractor. However, under the contract, appellant is responsible for the installation of the septic system as part of the overall home construction. The contract between Clem and Steiner shows a proposed price of $7,300. There is no mention of appellant in the document.
 {¶ 18} There is evidence the Steiners and appellant either orally modified their written contract to include the payment of the septic system subcontractor by appellant or entered into a separate agreement regarding the matter. Evidence supporting this agreement includes Steiner's testimony, Yoder's admission at trial, the partial payment by appellant to Clem, and the $200 credit. Therefore, evidence of the oral agreement was admissible because it establishes the subsequent oral contract.
 {¶ 19} Clem may bring a breach of contract claim if he was a third-party beneficiary of the agreement between the Steiners and appellant. Only a party to a contract or an intended third-party beneficiary of a contract may bring an action on a contract. Mergenthalv. Star Banc Corp. (1997), 122 Ohio App.3d 100. The parties to the contract must intend that a third party benefit from the contract in order for the third party to have enforceable rights under the contract.Laverick v. Children's Hosp. Med. Ctr., Inc. (1988), 43 Ohio App.3d 201. There must be evidence that the promisor assumed a duty to the third party. Trinova Corp. v. Pilkington Bros., P.L.C. (1994), 70 Ohio St.3d 271. A determination of the parties' intentions is a factual inquiry. A reviewing court must presume that the trial court's interpretation of the agreement regarding the parties' intentions is correct. That determination will be upheld if supported by some competent, credible evidence. Reida v. Thermal Seal, Inc., 10th Dist. No. 02AP-308,2002-Ohio-6968, 2002 Ohio App. LEXIS 6783.
 {¶ 20} The oral agreement between the parties was that appellant would pay the subcontractor selected by the Steiners. Clem was an intended third-party beneficiary because the parties agreed to pay the subcontractor for his work.
 {¶ 21} Appellant argues that a writing was required evidencing its intent to answer for the Steiners' debt. The statute of frauds, as set forth in R.C. 1335.05, requires written documentation of a promise to pay the debt of another. In Trans-Gear Inc. v. Lichtenberger (1998),128 Ohio App.3d 504, this court set forth the law regarding an oral promise to pay the debt of another. If the promisor is primarily liable on the debt owed by another to a third party and the original debtor has been discharged, then the statute of frauds has no application. Id. at 509-510. The evidence in the instant case shows that appellant orally agreed to pay the subcontractor for the septic system. Appellant did remit $2,000 to Clem in payment and credited the Steiners with $200, representing the difference between the amount allowed for the septic system and the actual price of the installation of the system. Appellant's actions certainly indicate an intent to be primarily liable for the debt. Furthermore, the fact that appellant had partly performed on the oral contract constitutes an exception to the writing normally required by the statute of frauds. Egner v. Egner (1985),24 Ohio App.3d 171, paragraph two of the syllabus.
 {¶ 22} Appellant did not dispute that it would pay Clem eventually. Appellant maintains that it could withhold payment as leverage in its dispute with the Steiners. Appellant admits to receiving $318,976 from the Steiners. The dispute is whether any overages amount is owed. The payment for the septic system was included in the $318,976 and has been paid to appellant. The agreement being enforced in the instant case is the oral contract between the parties, calling for appellant to pay the subcontractor selected by the Steiners for the septic system. The overages issue is not a part of this contract and appellant cannot use this dispute as a defense to paying Clem. Appellant's first assignment of error is overruled.
 {¶ 23} Appellant's second assignment of error challenges the award of attorney's fees. Appellant submits there was no showing of malice or wantonness motivating it to withhold payment. Appellant maintains it acted out of self-protection to counter the Steiners' act of stopping payment on the check for the overages amount. Appellant argues its decision not to pay Clem was based on a good faith disagreement. Appellant contends Clem did not request attorney's fees as part of his compensatory damages claim, precluding any subsequent award.
 {¶ 24} Generally, attorney's fees are not recoverable as damages in contract actions unless there has been a substantial showing of bad faith or wrongful motives. GMS Mgt. Co. Inc. v. Ostrow (Nov. 17, 1989), 11th Dist. No. 88-L-13-138, 1989 Ohio App. LEXIS 4309. Under the "American Rule", each party involved in the litigation is responsible for his or her own attorney's fees. Sorin v. Bd. of Edn. of WarrensvilleHeights Sch. Dist. (1976), 46 Ohio St.2d 177, 179. A prevailing party may recover attorney's fees under exceptions to that rule. Those exceptions include: (1) a statute creating a duty to pay the fees, (2) the losing party acted in bad faith, or (3) the parties contract to shift fees.McConnell v. Hunt Sports Enter. (1999), 132 Ohio App.3d 657. For the second exception to apply, there must be a finding of conduct that amounts to bad faith. See Pegan v. Crawmer, 79 Ohio St.3d 155. The breaching party must have acted in bad faith, vexatiously, wantonly, obdurately, or for oppressive reasons in order for attorney fees to be awarded. Gahanna v. Eastgate Properties, Inc. (1988), 36 Ohio St.3d 65,66.
 {¶ 25} Appellant admits receiving over $318,000 in payment from the Steiners. That payment included the allowance for the septic system. Therefore, appellant received the funds intended to pay for the septic system but has retained most of the funds as leverage in the dispute with the Steiners. Appellant even told Clem to file a mechanic's lien against the Steiners, apparently in an effort to put more pressure on the Steiners to pay the overages amount. Clem is not a party to that dispute. Appellant claims a good faith defense based upon the overages amount. However, as determined above, appellant owed Clem pursuant to the oral agreement. Any problem with the overages amount or the work done by appellant is not a part of that agreement. Therefore, appellant's deliberate act of withholding the funds from Clem was in bad faith and supports the trial court's finding that appellant acted intentionally, willfully, and wantonly in breaching the contract.
 {¶ 26} Appellant also relies upon Lance v. Bowe (1994),98 Ohio App.3d 202, in which the Summit County Court of Appeals held that attorney's fees could not be awarded when the plaintiff only prayed for $7,000 in compensatory damages in their complaint. The court considered the attorney's fees as part of the compensatory damages and not as part of the punitive damages. The plaintiffs only requested $7,000 in total. The court held that the total award was limited to that amount.
 {¶ 27} In the instant case, Clem prayed for $5,300 in compensatory damages, plus interest from September 28, 2000, for reasonable attorney's fees, and costs. Clem's prayer was not limited to the $5,300 amount. Clem specifically requested attorney's fees. Lance is not applicable to the facts of this case.
 {¶ 28} The evidence admitted at trial shows that appellant willfully and wrongfully withheld payment from Clem. Clem was not a party to the dispute between the Steiners and appellant. Therefore, the trial court did not abuse its discretion in awarding attorney's fees based upon appellant's willful breach. Appellant's second assignment of error is overruled.
 {¶ 29} In its final assignment of error, appellant contends the trial court erred by awarding prejudgment interest. Appellant asserts prejudgment interest cannot be awarded when the parties are not in privity. Appellant argues that the trial court had to make a finding that the parties were in privity before any grant of prejudgment interest could be made.
 {¶ 30} Prejudgment interest under R.C. 1343.03(A) cannot be awarded in the absence of privity of contract between the parties. ABCSupply Co., Inc. v. Custom Installation, Inc. (1993), 89 Ohio App.3d 758;R.W.I. Supply Co., Inc. v. Knight (Sept. 11, 1992), 11th Dist. No. 92-L-021, 1992 Ohio App. LEXIS 4689. A party may recover prejudgment interest pursuant to contract but not by a relationship of the parties that arose as a matter of law. Star Bank Natl. Assn. v. CirrocumulusLtd. Partnership (1997), 121 Ohio App.3d 731.
 {¶ 31} We already have found that Clem was an intended third-party beneficiary of the oral contract between appellant and the Steiners. Intended third-party beneficiaries have the rights of parties in privity of contract. See Brewer v. H R Concrete, Inc. (Feb. 5, 1999), 2nd Dist. No. 17254, 1999 Ohio App. LEXIS 277.
 {¶ 32} R.C. 1343.03(A) permits the award of prejudgment interest, inter alia, on a verbal contract, stating that the creditor is entitled to interest from the date the money becomes due and payable. The right to prejudgment interest in a contract claim under R.C. 1343.03(A) is a matter of law. Dwyer Electric, Inc. v. Confederated Builders, Inc. (Oct. 29, 1998), 3rd Dist. No. 3-98-18, 1998 Ohio App. LEXIS 5490, at *11, citingRoyal Electric Constr. Corp. v. Ohio State Univ., 73 Ohio St.3d 110.
 {¶ 33} Clem was an intended third-party beneficiary of the oral contract between appellant and the Steiners. As such, Clem was entitled to prejudgment interest. The trial court properly awarded Clem prejudgment interest in accordance with R.C. 1343.03(A). Appellant's third assignment of error is overruled. The judgment of the Portage County Municipal Court, Ravenna Division, is affirmed.
Judgment affirmed.
CYNTHIA WESTCOTT RICE, J., concurs.
JUDITH A. CHRISTLEY, J., concurs in judgment only in part, dissents in part with a dissenting opinion.